■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MOSLEY, Appellant.—Judgment, Supreme Court, New York County, dated March 19, 1975, sentencing defendant to 10 months' imprisonment, is unanimously modified, as a matter of discretion in the interest of justice to the extent that said 10-month sentence shall be concurrent with the two indeterminate New Jersey sentences totaling 38 to 50 years which defendant is now serving in New Jersey. After defendant pleaded guilty to a charge of attempted possession of a dangerous weapon in New York on November 16, 1973, defendant was sentenced in New Jersey Superior Court for a series of unrelated armed robberies to two terms, one of 28 to 35 years and one of 10 to 15 years, to run consecutively. Thereafter, on March 19, 1975, defendant was sentenced to a term of 10 months in New York (the sentence here under review) for the crime of attempted possession of a dangerous weapon to which he had previously pleaded guilty, and that sentence was stayed until defendant's completion of his New Jersey sentence. Under the New York law as it then stood, the New York sentence could not run concurrently with the New Jersey sentence. Thereafter, a new subdivision 4 was added to section 70.25 of the Penal Law, effective September 1, 1975, authorizing the courts of this State to permit this State's sentences to run concurrently with a previous sentence imposed by a court of another jurisdiction. A companion statute, subdivision 3 of section 70.20 of the Penal Law, provides that in such cases the return of the defendant to the custody of the appropriate official of the other jurisdiction shall be

deemed a commitment for the portion of the New York sentence that does not exceed the undischarged term of the foreign sentence. Considering the remedial nature of this statute, we think we have power to apply that statute to a case which is still in the direct appeal process, even though the sentence appealed from was imposed before the effective date of the statute. Considering now the merits of the sentence, we have here a case in which the New York crime is merely a possessory crime while the New Jersey crime is a series of armed robberies. The New York sentence is only a definite sentence of 10 months while the undischarged New Jersey sentence totals 38 to 50 years. While the nominal period of the New Jersey sentence is modified downward by provisions for credit for good behavior and eligibility for parole (NJ Stat, §§ 30:4-123.10, 30:4-140), it remains true that defendant will have to serve a very substantial period of years in New Jersey before he will even be eligible for consideration for parole. In these circumstances, the requirement that he serve an additional 10 months in New York after this long New Jersey sentence seems to serve no useful purpose. Obviously, New Jersey has a much greater interest in the future penological treatment of this defendant than does New York. If and when he is paroled in New Jersey there would seem to be very little point to his being brought back to New York to serve this relatively short definite sentence which might interfere with New Jersey's penological plan for him and in which New York will probably have no interest at that distant future date. It seems desirable in these special circumstances for New York to close this case. We note that if the New Jersey indeterminate sentence had been a New York one, the New York statute would mandate that the 10-month definite sentence be merged with and satisfied by the indeterminate sentence. (Penal Law, § 70.35.) We think we should apply the same policy to this case in which the indeterminate sentence happens to be a New Jersey sentence. Concur—Stevens P. J., Murphy, Lupiano, Silverman and Lane, JJ.